Next case on calendar is, I may pronounce this, but Khong Khampunbuan v. Astrue. Good morning, your honors. Good morning. Attorney Thomas Roach appearing on behalf of Ms. Khampunbuan. Your honors, this is a disability cessation case. In other words, she was previously on benefits and the benefits were ceased. Unfortunately, the judge applied the wrong standard. He applied the standard for initial determinations. Okay. That's a five-step standard as opposed to the seven-step standard for disability cessation. Now, just, I think we understand that, so maybe you could just go right to the heart of the matter and explain what difference would it have made, in your view, if the ALJ had used the seven-step approach as opposed to the five-step. What would have been the substantive difference, such that, because the district court essentially said, well, you know, even though he applied the initial disability, it got to the bottom line conclusion as correct. So explain to us why that is faulty. It's faulty, your honor, because the seven-step standard includes the step of medical improvement. Okay. And to discontinue benefits, there must be medical improvement. The judge made no finding of medical improvement. And since he made no finding of medical improvement, he actually made no finding of when this medical improvement occurred, yet he ceased benefits on May 1st, 2004. Well, she has a property right in these benefits, and without a hard and fast finding of medical improvement, the finding of May 1st, 2004 is arbitrary. Why couldn't it have been like that? Yes, your honor. Counsel, Judge Gould, if I may interject a question. It looks to me as if the ALJ screwed up and applied the wrong test. So my question is, do we have any Ninth Circuit precedent that makes it clear, or at least that you would say is the best precedent supporting your client's position, that says if an ALJ errors in the standard used, we should remand it. It should go back to the ALJ. So the district court should have sent it back to the ALJ to conduct an evaluation under the applicable seven-step standard. What case do we have that says that? Your honor, the best case is Benitez, Benitez v. Califano. It doesn't say remand specifically, but it says it should set aside the decision. So it would make sense that set aside in this case would mean remand for a determination of when there was medical improvement. Okay. Okay. Okay, and we did send an order out. But I hope both counsel received it asking counsel to be ready to address significance if there is any of Benitez, which I think was in your brief, but I'm not sure it was in the government's briefing. Yes, your honor, it was in my brief and in my reply brief. And I think that it is the controlling case in this situation. As a holder of property right, she deserves to know if in fact her disability ceased when it ceased. Counsel, I understand Benitez, and I know that this is what we're looking at here, but I just want to ask you one question. At the conclusion of Benitez, the case states that normally in such instances a reviewing court should remand the case for further administrative proceedings. However, when the record is fully developed and there seems little or no likelihood that additional evidence would be presented at the new hearing, a court can determine whether substantial evidence would support the secretary if the appropriate test had been applied. So it seems to be like an out potentially. How do you address that particular issue in this particular case? You know the wrong standard may have been used. Was the record fully developed by the ALJ? No, it wasn't, your honor. There was a psychologist whose records were not included in the administrative record. Okay. He was named twice in the administrative record at supplemental excerpt of record 50 and 57, a Dr. Murray, but his records were never included in the ALJ's decision and weren't included in the administrative record. So I think the exception that Benitez is talking to is an award for benefits as opposed to a remand. And obviously we would like that, but we think that in reality that the best option is to send this back and have it done right. I reserve the rest of my time. Thank you. You were aware, counsel, of Benitez? You were on the brief? Yes, I was. Any reason you didn't bother responding to it? Commissioner did not respond to Benitez in the brief. We noted that. Yes. I do not know why not. The issue here is that the ALJ's decision substantively covered all of the steps of the 77th evaluation. That's not what Benitez said. Well, this case is not. Even though the findings be supported by substantial evidence, the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. He could at least explain why he didn't think that Benitez controlled in this case. It makes it appear that the commissioner wasn't aware of it, and therefore we shouldn't be necessarily having to hear this appeal and waste our time to get to the result that would be get it back before the ALJ to do it properly. Well, the commissioner did acknowledge that the record was fully developed, that there was sufficient. No, didn't acknowledge. Argued. Argued. That's your conclusion. Yes. And that does cover the out that Your Honors have raised in Benitez. As you said, Benitez said that when the record is fully developed and there seems little or no likelihood that additional evidence would be presented at a new hearing, a court can determine, without remanding, whether substantial evidence would support the commissioner. If the appropriate. Counsel, Judge Gould with a question. Judge Gould with a question about that. That out language in Benitez, is that just like a dicta in Benitez, or do you have a case you can cite to us where the Ninth Circuit has affirmed a district court okay on an ALJ decision that applied the wrong standard, but they felt the record was fully developed and it didn't matter? Because to be just, you know, my view as one judge is if he used the wrong standard, I would start with the premise we should send it back. I'd really have to be persuaded we should not. And so I want to know if there's any Ninth Circuit precedent that okayed that. There is the Ninth Circuit precedent on the harmless error rule in Social Security cases where an ALJ might have, an ALJ erred in his decision, but the error was harmless. And in this case, the error was harmless. I'm sorry, is that where the ALJ applied the wrong legal standard? No. Okay. Counsel, do you understand the position that you're in because of the position you've put us in? You are standing in front of us doing a last-minute, at our invitation, a last-minute explanation of why a case that is seemingly directly on point is distinguishable. I think you're essentially wasting the court's time. That's my personal opinion, but the fact that we have to issue an order to the government to address a case which you stand here and say is distinguishable but don't bother to do it in the briefs sort of makes me wonder what the commissioner's legal standard is for addressing precedents in briefs. Now, if it hadn't been advanced by opposing counsel, sure, I could understand that. It got overlooked. But I don't understand why we should be giving any weight to your oral argument about why Benitez is distinguishable when you're just, you know, telling us for the first time and standing before us. The commissioner did state in the briefs that the ALJ's decision contained adequate and correct information and analysis to show that the claimant's depression had medically improved. We know what the brief said. Do you have anything else to add? What do you say about his point that the record wasn't fully developed because the psychologist, Dr. Murray's, evidence wasn't addressed by the ALJ? It's a claimant's burden to produce evidence to support his or her claim of disability. There were no records that the claimant submitted from this Dr. Murray. Therefore, the ALJ was not required to consider it. And when did the improvement, where does the ALJ find the improvement occurred with respect to the date of benefits expiring? The continuing disability review happened on May 2004, and that was the operative date that the ALJ used. Based on the medical evidence, substantial evidence, including treatment records showing that the claimant did not receive ongoing psychiatric treatment, had minimal, if any, records of depression, and physicians' records showed that there was medical improvement. Applying the wrong standard, he evaluated it that way. The question is, was there an improvement? Yes. What does he talk about improvement? The ALJ acknowledged that this was a medical improvement case in the very beginning of its decision. The ALJ did acknowledge that this claimant had a severe listings-level depression that caused her to be found disabled back in 1998. At this point, as of May 2004, the ALJ found that the claimant had no depression and no severe impairment whatsoever. Therefore, there was that medical improvement. Counsel, it's almost as if you look at the transcript that the ALJ hit the wrong button on the word processing, because he actually stated 416.920 as controlling, and used the language that one would use when finding no disability whatsoever at the outset, instead of using .994, which would be the continuing. And she'd been disabled for 15 years. So to use that language and then apply the wrong section in that language, it's so off that it doesn't even make sense. Clearly, it's the wrong standard. Yes. The ALJ did. The ALJ decision was not in the correct form. However, the information and the analysis were correct and were supported by substantial evidence. If the standard here is whether the ALJ decided to correct regulation and remand is appropriate, if that's the case, then there's no reason to argue this. The ALJ's decision had sufficient information to support the conclusion, and that is allowable under Benitez without remand. Counsel, I know you'd like to end on a strong statement. But still, I never really got an answer to my question, a clear answer, whether there was any Ninth Circuit precedent that has applied that escape language from Benitez. They certainly didn't in Benitez, right? Yes. They gave relief in Benitez, but they have this sentence saying, well, if the record was fully developed, it could be different. And my question to you earlier was if we had a Ninth Circuit precedent that's ever held that, you know, that's in a particular case that there did not have to be a remand when the wrong standard was used, then you responded with some harmless error cases, but not cases under this Benitez language. So I'm still trying to figure out whether we should say anything about that, or if it's just like a dictum that doesn't really make sense. That's why I'm asking you, are you saying that we've never, are you saying you're not aware as the commissioner's lawyer of any precedent where we have ever applied that language? This specific language, having. Right, the Benitez escape hatch language, let's call it. Because if not, it would be a very significant precedent for us to do so now. No, I have not. In doing research last night, I got the order last night from the hotel. I did not find any cases that used that specific language. However, there are, there are cases in which the Court has said that if the record is fully developed, if there's no reason for, if there's, if the claimant has suggested that there's no new or material evidence to present, then remand would not be appropriate. But, no, there is no precedent in which the wrong standard, such as the wrong evaluation was used and Benitez was cited. Okay, thank you. That I am aware of at this point. Okay. This is a teaching moment. As you can see, when the Court, we prepare these cases in advance. We rely heavily on the briefs. Oral argument is a small percentage of what goes into our decision making. So if it's not in the briefs and there's a major case that's of significance and the commissioner knows about the case and thinks it's distinguishable, the place to tell us about it is in the briefs. So you don't have to be working on the road out of your hotel trying to come up with things that we were, you know, lawyers want us to tell you in advance. What are the issues that the Court's interested in? So that's why we took the order out last night. I understand that. But that's just the point. And I understand that, you know, it may have thought you got to it in substance, but when we don't see the case discussed, then we don't know that you have focused on it. Or whoever wrote the brief focused on it. I take responsibility for the brief, although I didn't, it was someone else's brief. And I took this case and we did this. Okay, well, this is a teaching moment. I understand. I'm going to go back and teach. All right. Thank you, counsel. Could I make one last point? Very briefly. The claimant in this case suggests that there's a presumption of continuing disability once there's initial finding of disability. That presumption is contrary to the Social Security Act. The Social Security Act provides that Section 423F provides that the decision whether or not to determine benefits must be made on a neutral basis with regard to the individual's condition without any initial inference as to the presence or absence of disability being drawn from the fact that the individual has previously been determined to be disabled. I understand that the claimant in this case cited Murray V. Heckler. That predated the Social Security Disability Reform Act, which eliminated any such presumption. Okay. All right. Thank you. Thank you, Your Honor. Your Honor, just a quick rebuttal. The ALJ cites that the previous determination was made on depression at a listing level, and there's no evidence of that in the record anywhere. So the fact that she is no longer at a listing level now is not medical improvement. And basically what it comes down to is medical improvement. And we've got a May 1st date, 2004, that's not tied to the evidence. It's just arbitrary. So it needs to be tied to something. And had the ALJ followed the seventh step, he would have tied it to something. And so I can't see any other alternative other than wing end. Thank you. All right. Thank you, counsel. We appreciate the argument and submit the case.
judges: Fisher, Gould, England